UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 11-30101-MAM |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| CHARLES M. ROSS, d/b/a ScatterGun Lodge, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUMMARY

Following a court trial, Charles Ross was found guilty of aiding and abetting in the unlawful taking of migratory birds and ordered, as part of a probation sentence, to make restitution. Before and during sentencing, he objected to having to pay any restitution and both he and the Government objected to the amount of restitution and the calculation of the same. Because the Court is authorized to order restitution for the offenses Ross committed and because the amount ordered is supported by the evidence of record, the objections are sustained in part and overruled in part.

## BACKGROUND

The Government charged Ross, by Information, with four counts of aiding and abetting in the unlawful taking of various species of hawks – Class B misdemeanors – under 16 U.S.C. §§703, 707(a) and 18 U.S.C. §2. He pled not guilty to the charges and requested a court trial. After a one-day trial, the Court found him guilty of all four offenses. Prior to and at the sentencing hearing itself, he objected to the imposition of any restitution order and to the Government and probation officer's recommended amount of restitution. The Court largely overruled his objections, along with those the Government raised, and ordered him to pay $28,000 in restitution as part of his probation sentence. In doing so, the Court indicated that it would provide a more detailed analysis for its ruling on the restitution issues in a separate memorandum opinion.

## AUTHORITY TO ORDER RESTITUTION

### A. Generally

The power to order restitution as part of the sentence imposed for a criminal conviction is not an inherent one that federal courts possess; rather, it is conferred only by statute.[1] 18 U.S.C. §3556 is the general restitution statute. It provides that a court "shall order restitution in accordance with section 3663A and may order restitution in accordance with section 3663." Section 3663A, the Mandatory Victims Restitution Act ("MVRA"),

---

[1] *See United States v. Balentine*, 569 F.3d 801, 802 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 3452 (2010).

2

*requires* that restitution be ordered in all sentencing proceedings for convictions of any offense that is, *inter alia*, "an offense against property under [Title 18] . . . in which an identifiable victim has suffered a . . . pecuniary loss."[2] Section 3663, the Victim and Witness Protection Act ("VWPA"), grants a court the *discretion* to order restitution for certain Title 18, 21 and 49 offenses.[3]

These statutes, however, are not the only statutory authority for orders of restitution. As relevant here, 18 U.S.C. §3563(b)(2), the Probation Statute, authorizes a court to order restitution as a condition of probation but without "the limitation[s] of section 3663(a) or 3663A(c)(1)(A)."

## B. MVRA

The MVRA applies in sentencings for convictions on any Title 18 property offense.[4] It requires a restitution order for the return of the property to the owner or, if that is "impossible, impractical or inadequate," the payment to the owner of an amount equal to the "value of the property."[5]

---

[2] 18 U.S.C. §3663A(c)(1)(A)(ii), (c)(1)(B); *United States v. Young*, 272 F.3d 1052, 1056 (8th Cir. 2001).

[3] *See* 18 U.S.C. §3663(a)(1)(A); *United States v. Owens*, 901 F.2d 1457, 1458-59 (8th Cir. 1990).

[4] Section 3663A(c)(1)(A)(ii).

[5] Section 3663A(b)(1).

3

The Government is befitting of restitution under the MVRA, not based on its interest in the free flying hawks, but based on its proprietary interest in the unlawful taking of hawks obtained through its forfeiture laws. Like Maryland and Virginia law with respect to illegally caught striped bass[6] and South African law pertaining to harvested lobsters,[7] federal law in this case authorized the seizure and sale of illegally killed hawks.[8] The Fourth and Second Circuits recognized the proprietary interests in the striped bass and lobsters *only after* the lobsters were caught in violation of state and South African laws.[9] The circumstances in Ross's case are identical. All three criminal actions were brought under federal law and involved the illegal taking of wildlife, which became subject to a government seizure and sale.[10] Finding the decisions from the Fourth[11] and Second[12] Circuits, as well as the recent one from the Tenth Circuit[13] persuasive, the Court concludes

---

[6] *See United States v. Oceanpro Industries, Ltd.*, 674 F.3d 323, 331-32 (4th Cir. 2012).

[7] *See United States v. Bengis*, 631 F.3d 33, 39-40 (2d Cir.), *cert. denied*, 131 S.Ct. 2911 (2011).

[8] *See* 16 U.S.C. §706; 50 C.F.R. §12.33 (2012).

[9] *See Oceanpro*, 674 F.3d at 332; *Bengis*, 631 F.3d at 39-40.

[10] *See Oceanpro*, 674 F.3d at 332.

[11] *See id.*, 674 F.3d at 331-32.

[12] *See Bengis*, 631 F.3d at 39-40.

[13] *See United States v. Butler*, Nos. 11-3199, 11-3202, 2012 WL 4017378 at *6 (10th Cir. Sept. 13, 2012).

4

that the Government also had a proprietary interest in the illegally taken hawks after they were killed so as to warrant restitution – under the MVRA – on Ross's Title 18 offenses.[14]

## C. VWPA

The VWPA gives a court discretionary authority to order restitution to "a person directly and proximately harmed as a result of the commission of [a Title 18] offense...."[15] This definition is rather broad and requires only that the victim have some interest that was "harmed."

Even if it did not have a property interest in the hawks, so as to require restitution under the MVRA, the Government surely has a legitimate and substantial interest in preserving and protecting hawks in its air space as part of the public's natural wildlife resources.[16] This interest does not derive from ownership of the resources, but from the duty the government owes to the people.[17] And the interest was undoubtedly "directly

---

[14] *See Butler*, 2012 WL 4017378 at *6; *Oceanpro*, 674 F.3d at 332; *Bengis*, 631 F.3d 39-40; *see also United States v. Newsome*, 322 F.3d 328, 340-42 (4th Cir. 2003) (ordering restitution under the MVRA to the federal government for the illegal harvesting of black cherry trees in a national forest).

[15] Section 3663(a)(1)(A) & (2).

[16] *See Oceanpro*, 674 F.3d at 331.

[17] *See Toomer v. Witsell*, 334 U.S. 385, 408 (1948); *see also In the Matter of the Complaint of Steuart Transportation Co.*, 495 F.Supp. 38, 40 (E.D. Va. 1980) (the United States has the "right and duty to protect and preserve the public's interest in natural wildlife resources"); 16 U.S.C. §701 (stating that the Secretary of Interior's duties and powers include "the preservation, distribution, introduction, and restoration of ... wild birds").

5

and proximately harmed" by virtue of the illegal killing, taking and burying of the hawks.[18] Because Ross was convicted of aiding and abetting offenses,[19] and the Government was harmed by what he did, a restitution order is permitted under the VWPA.

**D. Probation Statute**

Regardless, the Probation Statute empowers a court to order restitution as a condition of a probation sentence.[20] Restitution imposed under the Statute is not subject to the limitations of the MVRA and VWPA. Indeed, the parenthetical language of the Statute signifies that restitution can be ordered for a broader range of offenses than those mentioned in the MVRA and VWPA.[21]

Independent of the MVRA and VWPA, the Court is authorized by the Probation Statute to order restitution as a condition of any criminal offense, including those in Titles

---

[18] *See Oceanpro*, 674 F.3d at 331; *see also United States v. Gibbens*, 25 F.3d 28, 32 (1st Cir. 1994) (a government entity may be ordered restitution "when it has passively suffered harm directly from the defendant's criminal conduct").

[19] *See* 18 U.S.C. §2.

[20] *See* §3563(b)(2).

[21] *See Oceanpro*, 674 F.3d at 331; *United States v. Batson*, 608 F.3d 630, 634 (9th Cir. 2010); *see also United States v. Love*, 431 F.3d 477, 480 (5th Cir. 2005) (observing in *dicta* that it "seems correct" that the parenthetical language in section 3563(b)(2) indicates that restitution can be ordered for a broader array of offenses than those delineated in the VWPA and the MVRA), *cert. denied*, 547 U.S. 1050 (2006); *United States v. Dahlstrom*, 180 F.3d 677, 686 (5th Cir. 1999) (holding that the enumerated crime limitations of the VWPA and MVRA do not apply to §3563(b)(2)), *cert. denied*, 529 U.S. 1036 (2000); *United States v. Bok*, 156 F.3d 157, 166-67 (2d Cir. 1998) (same).

6

16 and 18, for which probation is imposed as part of a sentence.[22] This view is fully in accord with Supreme Court precedent which has long recognized the authority of federal courts "to attach a host of discretionary conditions to [a] probationary term" and, more specifically, to order restitution as a condition of probation for offenses set forth in the Code of Federal Regulations.[23]

**E. Offense of Conviction**

The plain language of the Probation Statute indicates that restitution is limited to the offense of conviction. The Statute itself says that restitution is to be ordered "under section 3556."[24] Section 3556 provides for the ordering of restitution in accordance with the VWPA and MVRA. The VWPA states that a "court, when sentencing a defendant convicted of an offense [under certain titles or statutes] may order . . . restitution to any victim of such offense."[25] The language of the MVRA is similar: "when sentencing a defendant convicted of an offense described in subsection (c), the court shall order . . . that the defendant make

---

[22]*See Oceanpro*, 674 F.3d at 331; *Batson*, 608 F.3d at 634; *United States v. Butler*, 297 F.3d 505, 518 (6th Cir. 2002), *cert. denied*, 538 U.S. 1032 (2003); *see also United States v. Khanh Vu*, CR. No. V-11-31, 2011 WL 2173690 at *3 (S.D. Tex. June 1, 2011) (restitution may be ordered as a condition of probation even where the general restitution statutes do not mention the crime of conviction).

[23]*United States v. Nachtigal*, 507 U.S. 1, 2, 5 & n.* (1993) (*per curiam*).

[24]Section 3563(b)(2).

[25]Section 3663(a)(1)(A).

7

restitution to the victim of the offense."[26] The import of these quoted provisions is that restitution is authorized for the offense of conviction, and not for other related offenses which the defendant was not convicted of.

Not surprising, the Supreme Court, in 1990, held that a court may order restitution under the VWPA "only for the loss caused by the specific conduct that is the basis of the offense of conviction."[27] The same limitation has been expanded to the MVRA[28] and to the Probation Statute.[29] Thus, whether pursuant to the VWPA, MVRA or as a condition of probation, a court may only order restitution for the loss sustained as a result of the defendant's criminal conviction(s).

In this case, there is a sufficient causal nexus between Ross's offense conduct and the losses involved to order restitution. His conduct resulted in the killing and taking of hawks, a protected species of migratory birds, that impacted important wildlife resources that the Government is charged with safeguarding on behalf of the public.

---

[26]Section 3663A(a)(1).

[27]*Hughey v. United States*, 495 U.S. 411, 413 (1990).

[28]*See e.g. United States v. Chalupnik*, 514 F.3d 748, 752-53 (8th Cir. 2008); *United States v. Mancillas*, 172 F.3d 341, 343 (5th Cir. 1999).

[29]*See e.g. Batson*, 608 F.3d at 637.

8

# THE GOVERNMENT AS "VICTIM"

Under the VWPA and MVRA, restitution is only available to the "victim" of the convicted offense.[30] The Probation Statute likewise has the same requirement.[31] But because this Statute specifically provides that restitution to a victim of the offense is "not subject to the limitation" of the VWPA and MVRA, the definition of "victim" under the Statute is seemingly broader than the VWPA and MVRA definitions of "victim."[32] Even so, is the Government among the "victims" Congress intended to include and allow restitution for in these statutory enactments? The answer is, quite clearly, "yes."

Courts have repeatedly affirmed restitution orders payable to the federal government and its agencies under the VWPA, MVRA and Probation Statute.[33] And there is statutory authority that expressly states the government can be a "victim" and receive

---

[30] *See* §3663(a)(1)(A) ("[T]he court . . . may order . . . that the defendant make restitution to any victim of such offense."); §3663A(a)(1) ("The court shall order . . . that the defendant make restitution to the victim of the offense").

[31] *See* §3563(b)(2) ("[T]he court may provide . . . that the defendant . . . make restitution to a victim of the offense.").

[32] *See Oceanpro*, 674 F.3d at 331.

[33] *See Batson*, 608 F.3d at 633-36; *United States v. Senty-Haugen*, 449 F.3d 862, 865 & n. 3 (8th Cir. 2006); *United States v. Quarrell*, 310 F.3d 664, 677-78 (10th Cir. 2002); *United States v. Martin*, 128 F.3d 1188, 1190-91 (7th Cir. 1997); *see also United States v. Schmidt*, 675 F.3d 1164, 1169 (8th Cir. 2012) (a government agency may qualify as "victim" and be entitled to restitution); *United States v. Haileselassie*, 668 F.3d 1033, 1036 (8th Cir. 2012) (a unit of government directly and proximately harmed by a qualifying offense can be awarded restitution).

restitution in a criminal case.[34] But what about this case – is the Government, and its Fish and Wildlife Service, the "victim" of Ross's criminal offenses and thus eligible to receive restitution under the MVRA, VWPA or Probation Statute? Again, the answer is "yes."

To qualify as a "victim," the Government need not be the "owner" of the hawks, although it was after they were illegally killed and taken; it merely had to have interests that were "harmed" as a result of Ross's criminal conduct. Inasmuch as the Court has already concluded that the Government's interests were in fact harmed by this conduct, it was a "victim" for purposes of the MVRA, VWPA and Probation Statute and entitled to an award of restitution.[35]

## AMOUNT OF RESTITUTION

### A. Number

Sixteen hawk remains were recovered from the garbage dump on Ross's property. Feather fragments, of an unspecified hawk, were found at another situs – a section line right-of-way – on the property. The Government asserts, over Ross's objections, that the total number of hawks, for restitution purposes, should be 17. The Court disagrees.

---

[34]See 18 U.S.C. §3664(i) ("In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.")

[35]See Oceanpro, 674 F.3d at 332; United States v. Bruce, 437 Fed. Appx. 357, 368 (6th Cir. 2011); see also Butler, 2012 WL 4017378 at *6 (committing harm against wildlife in a state is tantamount to committing harm against the state's property; because wildlife is property of the state, the state was a victim and entitled to restitution for the Lacey Act violations).

10

Although the feather fragments were located on the surface of an area where a former employee said he killed a hawk, these fragments could have come from anywhere at any time and do not show that a hawk was in fact ever killed or taken. They could have been dropped or left by a flying hawk, blown to their resting point from another place, or arrived by some other means. Their presence do not add up to a dead hawk that is attributable to Ross and that he should have to make restitution for.

The Court though is satisfied that the Government has provided proof, by a preponderance of the evidence, that the hawk remains from the dump are countable losses against Ross for which restitution is appropriate. Unlike the feather fragments, the causal connection between these remains and Ross's offense conduct was tighter and much better established. The remains, which when viewed together, add up to 16 deceased hawks, all of which are includable in determining the amount of Ross's restitution.

## B. Value

Having found that the number of hawks Ross is responsible for is 16, the Court must now determine the value to be assigned to each hawk. Doing so is difficult, if not impossible, because federal law makes it unlawful to sell, barter, purchase, ship, import, export, deliver or transport hawks[36] (so that there is no marketplace for them). Given this conundrum and the unique nature of raptors, all the Court can do is make a reasonable

---

[36]*See* 16 U.S.C. §703, 707.

11

estimate of the "replacement" value of the killed and taken hawks using reliable information.[37]

Fortunately, the Court has the benefit of recent hawk value determinations reached by other courts of this District. These determinations, all of which were made in 2012, fix the value of a hawk at $1,750.[38] The testimony of Edward Clark, who appeared as an expert witness in another migratory Bird Treaty Act case, is also instructive. In that case, the presiding District Judge[39] found Mr. Clark's valuation opinions to be both credible and reliable.[40] After *de novo* review of the transcript of Mr. Clark's testimony in that case,[41] the Court agrees with the District Judge's findings and adopts the same.

Based on the record now before it, the decisions handed down in cases from this District, the testimony of an expert witness who gave evidence in one of them, and after

---

[37]*See* U.S. Sentencing Guidelines Manual §2Q2.1 app. n. 4 (2011); *United States v. Oehlenschlager*, 76 F.3d 227, 228-30 (8th Cir. 1996); *see also United States v. Frazier*, 651 F.3d 899, 904, 908 (8th Cir. 2011) (stating that when the value of lost or destroyed property is difficult to ascertain – because it is unique or because there is no active market for it – an estimate replacement cost method should be used to value the property).

[38]*See United States v. Jones*, CR. 11-30016-RAL at Dkt. No. 65 (D.S.D. Jan. 18, 2012); *United States v. Littleboy*, CR. 11-50025-JLV at Dkt. No. 38 (D.S.D. Jan. 5, 2012); *see also United States v. Mittleider*, CR. 12-10037-WDG at Dkt. Nos. 3, 5, 8 (D.S.D. June 11, 2012 & July 5, 2012) (adopting the restitution amount set forth in the plea agreement at $1,750 per hawk).

[39]The Honorable Roberto A. Lange, United States District Judge.

[40]*See Jones*, CR. 11-30016-RAL, Dkt. No. 65 at pp. 153-55, 159-60, 166-68.

[41]*See id.* at pp. 8-50

due consideration of certain specified provisions of the VWPA[42], MVRA[43] and Sentencing Guidelines Manual[44], the Court finds and concludes that the raptors here should be valued at the rate of $1,750 per hawk killed and taken when computing the total amount of restitution owed.

## C. Total Amount

With the number of hawks (16) and the per hawk price fixed, the rest is a simple multiplication problem. The total amount of restitution Ross must pay is $28,000 (16 x $1,750 = $28,000).

## CONCLUSION

The MVRA, VWPA and Probation Statute vest the Court with the necessary authority to order restitution in this case. The Government, and its Fish and Wildlife Service, is the "victim" of the offenses and the one entitled to restitution. Sixteen is the number of hawks Ross is accountable for. And $1,750 is the price per hawk he should pay, based on prior precedent of this District and other reliable information. After doing the math, the total restitution award is $28,000. This amount should be remitted to the Clerk of Court and thereafter forwarded to the United States Fish and Wildlife Service. The award will be subject to enforcement and the procedures set forth in 18 U.S.C. §3664.

---

[42] *See* §3663(a)(1)(B), (b)(1), (d).

[43] *See* §3663A(b)(1), (d).

[44] *See* U.S. Sentencing Guidelines Manual §§2Q2.1, 5E1.1 (2011).

13

Accordingly, for the reasons stated herein and on the record during the bifurcated sentencing hearing, it is hereby

ORDERED that to the extent Ross's and the Government's objections are in accord with the Court's rulings on the restitution issue, as supplemented and clarified in this Opinion, they are sustained. But insofar as their objections conflict with these rulings, they are overruled. It is further

ORDERED that Ross pay restitution in the amount of $28,000 to the United States Government and its Fish and Wildlife Service for the loss sustained by the Government as a result of his convictions for aiding and abetting in the unlawful taking of migratory birds (hawks).

Dated this 15th day of October, 2012, at Pierre, South Dakota.

BY THE COURT:

_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE